PIED PIPER ICE CREAM, INC., A NEW JERSEY CORPORA-
TION, PLAINTIFF, v. ESSEX COUNTY PARK COMMIS-
SION, A BODY POLITIC OF NEW JERSEY AND GOOD
HUMOR CORPORATION, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided January 11, 1974.

302

*Mr. Adrian M. Unger* for plaintiff (*Messrs. Unger & Unger,* attorneys).

*Mr. John J. McDonough,* attorney for defendant Essex County Park Commission.

*Mr. Charles H. McAuliffe,* attorney for defendant Good Humor Corporation.

CARUSO, J. C. C. Temporarily Assigned. This matter comes before the court as a result of the filing of a complaint (in lieu of prerogative writs) by Pied Piper Ice Cream, Inc.. a New Jersey corporation (plaintiff) against the Essex County Park Commission, a body politic (Park Commission) and Good Humor Corporation (Good Humor) wherein plaintiff seeks to set aside the Park Commission's resolution of March 14, 1973 and the contract dated March 30, 1973 between the Park Commission and Good Humor as being invalid and illegal.

The contract, in substance, awards Good Humor the right to sell ice cream and refreshments throughout the Essex County Park system. Alternatively, plaintiff seeks an order directing the Park Commission to refrain from prohibiting it from selling its products within the parks, in competition with Good Humor.

In lieu of oral testimony in open court, the parties have stipulated to present the matter for decision on the submission of memoranda of law and any exhibits they deem appropriate.

The factual background appears to be as follows:

The Park Commission made contact with some ten distributors of ice cream in Essex County in order to determine the capabilities of such distributors to provide regular and daily service in the parks, as well as supplying ice cream to revenue-producing facilities. The recreation division of the Park Commission, upon an initial evaluation, submitted to

the Park Commissioners its analysis that only Good Humor Corporation and the Pied Piper Industries, Inc., were the two companies capable of providing the services mentioned above. The Park Commission, by resolution dated March 14, 1973, determined that the Good Humor would best serve the needs of the Commission and its public. As a result thereof the contract between Good Humor and the Park Commission was entered into on March 30, 1973. This determination by the Park Commission was with the full understanding that the Good Humor proposed to pay the Park Commission a sum of 12½% of the gross of all ice cream sales, and Pied Piper's proposal to pay the Commission an amount equal to 16% of gross sales.

The thrust of plaintiff's argument is that the Park Commission should be compelled to award contracts only on the basis of public bidding, to the highest responsible bidder. In support of its position plaintiff cites statutory provisions applicable to other park commissions and which impose limitations on municipalities and upon bidding where public funds are involved. Plaintiff, while acknowledging that the Park Commission is a body politic, pursuant to *N. J. S. A.* 40:37–99, and there are no statutory provisions which authorize advertisement and competitive bidding (*N. J. S. A.* 40:37–96 to 174), nonetheless maintains that the Park Commission is a governmental body and thus subject to the requirements of advertising for bids, sealed bids, and awards to the highest responsible bidder. Plaintiff contends that the trend of case law demonstrates as a matter of public policy, even in the absence of statutory provisions, requires the awarding of such a contract be based upon advertising of bids, sealed bids and public bidding.

The Park Commisson maintains it is an autonomous body with its powers derived from its enabling act (*N. J. S. A.* 40:37–96 to 174), and contends that the competitive bidding statutes do not apply to the Park Commission; no expenditures of public funds are involved, but rather a discretionary

exercise by the Park Commission to provide its patrons of the parks with a convenience and service. The fact that the Park Commission, through its recreational director, solicited informal bids, does not limit the discretionary power of the Commission to disregard formal bidding and to make such contract as it considers most advantageous to it. The Park Commission considered and evaluated the respective informal proposals and made a determination based on the satisfactory service of Good Humor in the past, the quality and public acceptance of the products to be sold, the capacity of the company to provide ample and proper equipment to cover all service requirements as well as the ability to generate the highest level of gross income. The latter consideration being an intangible, subject to the amount of sales, and thus highly speculative. It was the Park Commisison's judgment, after an evaluation of the above considerations, to accept the proposal of Good Humor, and thus in good faith it entered into the contract with Good Humor.

The contention of plaintiff is that there is no express statutory provision which permits the Park Commission to enter into a contract with Good Humor, and thus the contract is invalid. This argument is without convincing support. To adhere to a strict construction of the powers contained in the controlling statutes would deny the Park Commission the authority to promote the spirit of the legislation and carry it into effect. *Cammarata v. Essex County Park Comm'n,* 46 *N. J. Super.* 262, 269 (App. Div. 1957).

The terms of the legislative grant should be reasonably construed to serve the central legislative design. *N. J. S. A.* 40:37–101 provides:

The commission may acquire, maintain and make available to the inhabitants of the county wherein it is appointed, and to the public parks and open spaces for public resort and recreation; may locate such public parks and places within the lmiits of the county; and for these purposes may take in fee or otherwise, by purchase, gift, devise or eminent domain, lands or any right or interest therein for public parks and open spaces within the county. Deeds of conveyance

therefor shall be made to the commission by its corporate name, *and it shall preserve, care for, lay out and improve any such parks and places, and make rules for the use and government of the same.* The real estate so taken, and all buildings and improvements which may be placed thereon shall be exempt from all taxes, assessments and municipal liens. [Emphasis added].

 The obvious intent of the Park Commission in entering into an agreement such as the one before the court is to provide for a service and convenience for the use and enjoyment of its parks by the public. The authority exercised by the Park Commission was in furtherance of the legislative design to provide a public service. *Hill and the Camden County Park Comm'n v. Collingswood,* 9 *N. J.* 369, 375 (1952). In determining whether a commission does possess a certain power, the authority given is to be liberally construed in the light of the purposes for which it was created and that which is incidentally necessary to a full exposition of the legislative intent. See, *Cammarata v. Essex County Park Comm'n, supra.*

██ The discretionary exercise by the Park Commission sets the case at bar apart from those relied on by plaintiff. The trend of public policy upon which plaintiff relies concerning bidding requirements is aimed solely at those situations wherein public funds are to be expended or where the public authority in question must, by contract, engage a third party to perform a duty it is legally obligated to provide. Here, there is to be no such expenditures of public funds, nor is the service of providing refreshments one which is a legal obligation of the Park Commission. The contract here in question is the result of a discretionary endeavor by the Commission aimed at allowing its patrons greater enjoyment within the park system; the Commission has no duty to provide such a convenience, and could, if it so desired, discontinue it at will. *Kurman v. Newark,* 124 *N. J. Super.* 89 (App. Div. 1973).

██ The court concludes that plaintiff has failed to establish that the Park Commission acted outside of its stat-

utory powers, and has, as well, failed to establish sufficient reason to set aside the contract as being invalid and illegal, and thus will not disturb the contract entered into between the Park Commission and Good Humor.

Plaintiff, as indicated above, further contends that the Park Commission cannot preclude it from selling its products within the parks, in competition with Good Humor. This contention the court also finds to be without merit.

The Park Commission must have the authority to regulate and prohibit practices within the parks for the purpose of efficient management as well as the safety, welfare and enjoyment of the patrons that frequent the parks. To prohibit the Park Commission from excluding unauthorized vendors from its parks would result not only in a disruption of efficient management control of the activities in the parks, but also in a possible loss of the profits from the contract it has already entered into.

The Legislature may properly confer upon an administrative authority power to enact rules and regulations to promote the spirit of its mandate and carry it into effect. The court will not prevent the Park Commission in whatever action it deems appropriate to prevent plaintiff from violating any of its rules or regulations. *N. J. S. A.* 40:37–101, "Establishment and locations of parks; acquisition of property; rules and regulations;" *N. J. S. A.* 40:37–134, "Rules and regulations; notice; penalties; disposition of;" *N. J. S. A.* 40:37–152, "Rules and regulations; penalties for violation;" *N. J. S. A.* 40:37–153, "Enforcement of rules and regulations; jurisdiction," and *N. J. S. A.* 40:37–154, "Park police; establishment; rules and regulations."

In summation, it is the opinion of the court that plaintiff has failed to prove any of its allegations and has, in effect, failed to convince this court that defendants here have acted without authority or in excess thereof. They state no claim upon which relief can be granted, and therefore this action is dismissed and the relief prayed for is denied.